ERIE-HURON COUNTIES BAR ASSOCIATION *v.* EVANS.

[Cite as *Erie-Huron Counties Bar Assn. v. Evans*,

123 Ohio St.3d 103, 2009-Ohio-4146.]

*Attorneys — Misconduct — Felony conviction — Multiple counts of neglecting legal matters — Failure to inform client of lack of malpractice insurance — Indefinite suspension with no credit for time served under interim suspension and conditional reinstatement.*

(No. 2009-0730 — Submitted June 16, 2009 — Decided August 25, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-034.

_____

**Per Curiam.**

{¶ 1} Respondent, George M. Evans of Fremont, Ohio, Attorney Registration No. 0063793, was admitted to the practice of law in Ohio on November 14, 1994. On April 24, 2009, we suspended respondent's license to practice law on an interim basis, pursuant to Gov.Bar R. V(5)(A)(4), upon receiving notice of his felony conviction for bank fraud, a violation of Section 1344, Title 18, U.S.Code. See *In re Evans*, 121 Ohio St.3d 1458, 2009-Ohio-1891, 905 N.E.2d 196.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we indefinitely suspend respondent's license to practice, with no credit for time served under his interim suspension, based on findings that he neglected multiple legal matters entrusted to him, failed to maintain professional liability insurance or obtain waivers signed by his client, and committed a felony involving bank fraud. We agree that respondent engaged in professional

misconduct as found by the board and that an indefinite suspension, with no credit for time served under his interim suspension, is the appropriate sanction.

{¶ 3} Relator, Erie-Huron Counties Bar Association, originally charged respondent in April 2008 with six counts of misconduct involving numerous violations of the Disciplinary Rules of the former Code of Professional Responsibility, the current Rules for Professional Conduct,[1] and Gov.Bar R. V(4)(G) (requiring a lawyer to assist in an investigation of misconduct). Respondent filed an answer pro se.

{¶ 4} In October 2008, relator filed its first amended complaint to include another count of misconduct. Respondent did not file an answer in response. A panel of the board heard the case in January 2009, during which respondent admitted that he had recently pleaded guilty to a felony bank-fraud charge and was awaiting sentencing.[2] Thus, upon agreement of the parties, relator filed a second amended complaint to add Count VIII, charging misconduct based on the plea of guilty to bank fraud.

{¶ 5} On March 17, 2009, pursuant to Gov.Bar R. V(5)(A)(3), the board filed with this court a certified copy of the judgment entry for the felony conviction, and we suspended respondent for an interim period.

{¶ 6} Thereafter, the panel dismissed Counts II and V, and several of the rule violations alleged in Counts I, III, and IV, for lack of the requisite clear and convincing evidence. The panel then made findings of fact, conclusions of law, and a recommendation for indefinite suspension, with conditions. The board adopted the panel's findings of misconduct and recommendation with the

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility.

2. *United States v. Evans*, N.D.Ohio No. 3:08CR257-01.

additional recommendation that the sanction be imposed without credit for any time served under the interim suspension.

{¶ 7} The parties have not objected to the board's report.

## Misconduct

### Count I — The Gaydish Case

{¶ 8} In 2004, Elissa Gaydish paid respondent $750 to represent her in a domestic relations matter. Respondent filed a complaint for divorce on behalf of Gaydish, then took no further action in the case. He left the law firm where he had been employed, giving no notice to his client or to the court. Gaydish had to hire new counsel at additional expense to finish her case.

{¶ 9} The board found that respondent had violated DR 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter). We accept this finding of misconduct.

### Count III — The Stietz Case

{¶ 10} Linda A. Stietz retained respondent in late 2002 or early 2003 to pursue a medical malpractice claim on her behalf. After filing a complaint, respondent moved and did not provide a forwarding address or telephone number to Stietz or the court. As a result of his inaction, the Stietz case was dismissed.

{¶ 11} The board found that respondent had violated DR 6-101(A)(3). We accept this finding of misconduct.

### Count IV — The Apling Case

{¶ 12} Respondent filed a personal injury complaint on behalf of Stacey Apling. After filing the complaint, he took no further action in the case. He left the law firm where he had been employed and did not notify his client, the court, or opposing counsel. Apling's case was eventually dismissed with prejudice for failure to comply with discovery.

{¶ 13} The board found that respondent had violated DR 6-101(A)(3). We accept this finding of misconduct.

*Count VI — The Kaiser Case*

**{¶ 14}** Eric Kaiser and his wife retained respondent in June 2004 to defend them in a breach-of-contract action arising out of a real estate purchase agreement. Respondent filed an answer on behalf of the Kaisers but took no further action. The plaintiff filed a motion for summary judgment, and in April 2006, a judgment was granted against the Kaisers.

**{¶ 15}** The board found that respondent had violated DR 6-101(A)(3). We accept this finding of misconduct.

*Count VII — Professional Liability Insurance*

**{¶ 16}** Respondent admitted to the panel that he did not have professional liability insurance while he was representing the clients whose complaints are the subject of this action. He failed to obtain the clients' signed acknowledgement that he lacked this coverage.

**{¶ 17}** The board concluded that respondent had violated DR 1-104(A) (failure to inform a client that the lawyer does not maintain professional liability insurance) and 1-104(B) (failure to obtain and retain a copy of the required notice signed by the client). We accept this finding of misconduct.

*Count VIII — Bank Fraud*

**{¶ 18}** On October 3, 2008, respondent pleaded guilty to a felony charge of bank fraud under Section 1344, Title 18, U.S.Code. He had attempted to negotiate an $8,000 money order written on a closed account. On February 23, 2009, he was sentenced to one day in jail with credit for time served while in the custody of United States Marshals, fined $100, and placed on supervised release for a term of five years.

**{¶ 19}** The board adopted the panel's finding that respondent's conviction violated Prof.Cond.R. 8.4(b) and (c) (committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness and conduct involving

dishonesty, fraud, deceit, or misrepresentation). We agree and accept these findings of misconduct.

### Sanction

{¶ 20} In determining the recommended sanction for respondent's misconduct, the panel and board reviewed the aggravating and mitigating features of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 21} The board, adopting the panel's report, concluded that the respondent accepted little responsibility for his neglect or the harm that he caused to his clients. He commonly accepted cases that were difficult, if not impossible, so that his prospects of successful outcomes in most cases were unlikely. Once respondent undertook representation in these cases, he quickly stopped doing any work on them.

{¶ 22} Throughout the disciplinary proceedings, the respondent attempted to place responsibility for his neglect on other parties, including former associates, secretaries, courts, and judges. As a result of respondent's neglect and inaction, the Kaisers lost the $250 fee that they had paid respondent and incurred $1,400 in costs to file for bankruptcy, and Elissa Gaydish lost the $750 that she had paid to respondent and incurred additional costs to hire new counsel.

{¶ 23} The board further considered respondent's testimony that he was going through a second divorce and suffered from mental and physical problems during this period of time. He also testified that he had a drinking problem but no longer drinks and was not receiving professional help or counseling.

{¶ 24} The board considered respondent's pattern of misconduct, the multiple offenses, his refusal to acknowledge the wrongful nature of his conduct, the vulnerability of and resulting harm to victims of the misconduct, and his failure to make restitution as aggravating factors. The board considered as

mitigating the absence of a prior disciplinary record and the imposition of other sanctions.

{¶ 25} The board adopted the panel's recommendation of indefinite suspension with the additional sanction that there be no credit for the interim suspension.

{¶ 26} We accept the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law with no credit for time served under his interim suspension. In addition to the requirements of Gov.Bar R. V(B) through (E), respondent's reinstatement to the practice of law shall be subject to the following conditions: respondent shall (1) consult with the Ohio Lawyers Assistance Program ("OLAP"), enter into an OLAP contract to obtain whatever assistance he needs, and comply with all terms for the duration of the contract, (2) pay restitution to the Kaisers in the amount of $1,650, (3) pay restitution to Elissa Gaydish in the amount of $750, and (4) agree to submit to monitored probation for two years, to ensure compliance with ethical and professional standards of practice.

{¶ 27} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

James J. Martin and Richard B. Hauser, for relator.

George M. Evans, pro se.

_____